Dear Chief Wiltz:
This office is in receipt of your request for an opinion of the Attorney General in regard to certain conduct of the council of the Village of Parks.
You indicate you purchased gas for your patrol unit from January 1996 to June, 1996 totaling $386 which you paid out of pocket, and now the council refuses to reimburse you. Accordingly, you ask if the Village of Parks is obligated to reimburse you since you are responsible for the daily operation of the department and the patrol car is necessary in the daily operations.
Since you state that "previously the Village of Parks had a low octane gas which caused the patrol unit to malfunction badly", it is assumed the purchases were made for a better fuel, and reimbursement will depend upon whether such fuel was authorized.
In Atty. Gen. Op. No. 95-275 this office was asked if the governing authority had any control over the police expenses as "what to buy and how much". The office responded with the observation that the inherent authority of the chief of police to control the day to day operation of his department is subject to the requirement that expenditures only be made pursuant to or in accordance with specific appropriations from a budget approved by the governing authority, and from a budget that can be amended. It was further stated the governing authority cannot tell the chief of police what car or how many he can operate except indirectly insofar as they control what is budgeted that may go toward this expense. The opinion quotes Atty. Gen. Op. No. 82-1165 as follows:
 Thus, it is our opinion that the chief of police has inherent authority to control city police vehicles. He has the authority to assign a police department vehicle to himself for police work but such police vehicle may not be used as a personal car by the chief of police unless this personal use has been authorized by the mayor and board of aldermen. However, because of this power to control and manage municipal property, it is also our opinion that the mayor and board of aldermen may specifically request that the village car be used by the chief of police only when he is working or conducting business relative to the municipal police department.
Atty. Gen. Op. No 86-589 recognized the chief of police's inherent authority to control the day to day operations of the police department "which includes the police department funds." However, it was further stated that this inherent authority to control those funds is subject to the "requirement that the expenditure of those funds only be made pursuant to or in accordance with specific appropriation authorized by a municipal ordinance enacted by the board."
Similarly, in Atty. Gen. Op. 94-313 it was stated that the inherent authority to control the day-to-day operation is subject to said funds being budgeted and appropriated pursuant to the municipal ordinance. That opinion gives a comprehensive discussion relative to preparation of the municipal budget and that the expenditures and proposed appropriations for the police department should be indicated and designated as a line item in the municipal budget. It then states, "While the chief should be given the opportunity to submit input for purposes of budget preparation, it is clear from the statutes pertaining to Lawrason Act municipalities, and those comprising the Budget Act, that the authority to adopt and amend the budget is vested exclusively with the Mayor and Board of Aldermen."
Following the reasoning of these decisions, we find the governing authority may restrict the expense for fuel by restricting the type to be used for the municipal vehicles, and if this was done and not followed, reimbursement may be denied.
You state that under the Lawrason Act the Village of Parks should have regularly scheduled monthly meetings, and you ask if the council meetings are canceled, can the council receive compensation when they do not attend any meetings.
The answer to your inquiry would depend upon the wording of the ordinance relative to compensation for these meetings. This office recognized in Atty. Gen. Op. No. 93-374 that R.S. 33:405
provides that aldermen shall receive compensation as established by ordinance, and inasmuch as the ordinance in question did not expressly provide that receipt of compensation is dependent upon attendance at meetings, it was concluded "the Town has no choice but to continue paying its Aldermen, whether or not they attend meetings."
However, in Atty. Gen. Op. No. 96-272, where this office found it permissible to allow compensation to aldermen regardless of whether they actually attended the scheduled monthly meeting, it was cautioned "that an alderman could conceivably be guilty of public payroll fraud should he habitually absent himself from scheduled meetings." It was noted therein that R.S. 14:138, Public Pay Roll Fraud, provides that the pay roll fraud did not apply in a situation "where a bona fide public officer or public employee, who is justifiably absent from his job or position for a reasonable time, continues to receive his usual compensation or a part thereof".
Since our response is based on certain assumptions and wording of an ordinance that we do not have, we hope we have adequately answered your inquiries, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR